IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

HEWLETT-PACKARD COMPANY and
HEWLETT-PACKARD DEVELOPMENT
COMPANY, L.P.,

Plaintiffs,

v.

EMPRESAS J. J. RIVERA, INC., a
corporation; TECHNOLOGY PLUS, INC.,
a corporation, JUAN JOSE RIVERA  and
JOSUE DAVID RODRIGUEZ, individuals,

Defendants.

CIVIL NO. 07-1324 (JAG)

## REPORT AND RECOMMENDATION

### INTRODUCTION

Plaintiffs Hewlett-Packard Company and Hewlett-Packard Development Company, L.P. (hereinafter "Hewlett-Packard") filed a complaint for injunctive relief and damages against defendants, including José David Rodríguez (hereinafter "Rodríguez") as individual defendant in this case, claiming trademark infringements regarding their printer cartridges. **(Docket No. 1)**.

On July 12, 2007, co-defendant José David Rodríguez (co-defendant Rodríguez) filed a motion requesting summary judgment. (**Docket No. 12**). Plaintiff Hewlett-Packard filed an opposition thereto on July 16, 2007 (**Docket No. 14**).  The Court referred these motions to this Magistrate Judge for report and recommendation (**Docket Nos. 15, 16**).

## BACKROUND

Hewlett-Packard's complaint against individual co-defendants is predicated upon information and belief they were directly involved with defendants Empresas J.J. Rivera Inc.'s and Technology Plus, Inc.'s marketing, distribution and sales of counterfeit ink cartridges bearing Hewlett Packard's registered trademark.

Co-defendant Rodríguez submits in an unsworn, unverified motion for summary judgment based solely on his counsel's arguments, he has no relationship whatsoever with the rest of the defendants, as previously submitted in his answer to the complaint. Under the averment that Rodríguez worked with other co-defendants solely under a work contract, which ended on October 31, 2006, with duties limited to some accounting practices and marketing research, co-defendant Rodríguez asks summary disposition of all claims filed against him. Plaintiff Hewlett-Packard opposed Rodríguez' request indicating Rodríguez fails to meet summary judgment standards or comply with local rules of the court when requesting summary disposition. We agree with plaintiffs' well drafted opposition, incorporating the analysis therein submitted.

## LEGAL ANALYSIS

**I. Motion for Summary Judgment Burden.**

A party moving for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. Where as in the instant case, being a co-defendant herein, the moving party lacks the ultimate burden

Hewlett-Packard Co., et al. v. Empresas J.J. Rivera, Inc., et al.
Civil No. 07-1324 (JAG)
Report and Recommendation
Page No. 3

of persuasion at trial, its initial burden is usually satisfied in one of two ways: (1) movant may affirmatively produce evidence that negates an essential element of the non-moving party, or (2) the moving party may point to evidentiary materials already in the file which demonstrate the non-moving party will be unable to carry its burden of persuasion at trial. *See* Carmona v. Toledo, 215 F.3d 124, 132 (1st Cir. 2000).

A non-moving party, even though having the ultimate burden at trial, may have no obligation to offer evidence supporting its own case unless the party moving for summary judgment meets its initial burden of demonstrating the absence of a genuine issue of material fact. *See* Adickes v. S.H. Kress & Co., 398 U.S. 144, 157, 90 S.Ct. 1598 (1970).

Co-defendant Rodríguez' Motion for Summary Judgment fails to submit any attachment, affidavit or sworn statement, to support his counsel's averments that Rodríguez was only a hired employee of co-defendants, the nature of his work or his non-participation in the co-defendants' claimed infringement. In fact, reference to other co-defendants' answers and to his own answer to the complaint, without more, is also reference to unverified and unsworn statements in the record. (**Docket Nos. 10, 11**). Likewise, reference to an employment contract of Rodríguez with the other co-defendants herein, is also mere reference to a document which was not attached, produced, authenticated nor attested as true by moving party.

## II.  Motion for Summary Judgment Standard.

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

Hewlett-Packard Co., et al. v. Empresas J.J. Rivera, Inc., et al.
Civil No. 07-1324 (JAG)
Report and Recommendation
Page No. 4

genuine issue as to any material fact and that the moving party is entitled to judgment as matter of law." Fed.R.Civ.P. 56(c). Pursuant to the language of the rule, the moving party bears the two-fold burden of showing that there is "no genuine issue as to any material facts," and that he is "entitled to judgment as a matter of law." Vega-Rodríguez v. Puerto Rico Tel. Co., 110 F.3d 174, 178 (1st Cir. 1997). After the moving party has satisfied this burden, the onus shifts to the resisting party to show that there still exists "a trial worthy issue as to some material fact." Cortés-Irizarry v. Corporación Insular, 111 F.3d 184, 187 (1st Cir. 1997). A fact is deemed "material" if it potentially could affect the outcome of the suit. *Id*. Moreover, there will only be a "genuine" or "trial worthy" issue as to such a "material fact," "if a reasonable fact-finder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor." *Id*.

At all times during the consideration of a motion for summary judgment, the Court must examine the entire record "in the light most flattering to the non-movant and indulge all reasonable inferences in the party's favor." Maldonado-Denis v. Castillo-Rodríguez, 23 F.3d 576, 581 (1st Cir. 1994). There is "no room for credibility determinations, no room for the measured weighing of conflicting evidence such as the trial process entails, [and] no room for the judge to superimpose his own ideas of probability and likelihood . . . ." Greenburg v. Puerto Rico Mar. Shipping Auth., 835 F.2d 932, 936 (1st Cir. 1987). In fact, "[o]nly if the record, viewed in [this] manner and without regard to credibility determinations, reveals no

genuine issue as to any material fact may the court enter summary judgment." Cadle Co. v. Hayes, 116 F.3d 957, 960 (1st Cir. 1997).

In Torres Rosado v. Rotger Sabat, 204 F.Supp. 2d 252 (D. Puerto Rico 2002), *affd.* 335 F.3d 1 (1st Cir. 2003), the presiding judge clearly indicated that oppositions are required by the district court's local rules and as such deemed that a motion for summary judgment, and the factual assertions supporting it, to be unopposed, because plaintiff had failed to timely file his opposition (*holding* that the district court in Puerto Rico is justified in having one party's uncontested facts to be admitted when the other party fails to file oppositions in compliance with local rules).[1] The moving party's uncontested facts and other evidentiary facts of record on an uncontested motion for summary judgment must still show that said party would be entitled to summary judgment. *See* Torres-Rosado v. Rotger-Sabat, 335 F.3d 1, 4 (1st Cir. 2003). As such, when a motion for summary judgment remains unopposed, the district court may grant summary judgment, if appropriate. Still, a district court may not automatically grant a motion for summary judgment simply because the opposing party has failed to comply with a local rule requiring a response within a certain number of days. *See* NEPSK, Inc. v. Town of Houlton, 283 F.3d 1, 7-8 (1st Cir. 2002); *see also* Cosme-Rosado v. Serrano-Rodríguez, 360 F.3d 42, 43 (1st Cir. 2004) (*finding* that failure to comply with then Local Rule 311.12 admits the veracity of the movant's version of material facts).

---

[1] *See, e.g,* Cordero Soto v. Island Finance, 418 F.3d 114 (1st Cir. 2005); United Parcel Serv., Inc. v. Flores-Galarza, 318 F.3d 323, 330 & n. 10 (1st Cir. 2003); Corrada Betances v. Sea-Land Serv., Inc., 248 F.3d 40, 43 (1st Cir. 2001); Morales v. A.C. Orssleff's EFTF, 246 F.3d 32, 33-34 (1st Cir. 2001); Ruiz Rivera v. Riley, 209 F.3d 24, 27-28 (1st Cir. 2000).

In the instant case, it is the moving party the one who has failed to comply with the provisions of Fed.R.Civ.P. 56(f) and with new local rules approved in 2004 in regard to summary judgment. As such, the motion should be denied.[2] Plaintiffs have requested they be allowed to conduct the necessary discovery to ascertain some of the co-defendant's averment. At that stage, plaintiffs would be in a position to properly oppose a well founded request for summary disposition, if co-defendant Rodríguez determines to re-file his motion with proper attachments and authentication of documents in support thereof.[3]

As such, it is recommended co-defendant Rodríguez' request for summary disposition be DENIED.

## CONCLUSION

In view of the foregoing, it is recommended that co-defendant Rodríguez' request for summary judgment be DENIED.

IT IS SO RECOMMENDED.

The parties have ten (10) days to file any objections to this report and recommendation. Failure to file same within the specified time waives the right to appeal this order. Henley

---

[2] Local Rule 56 provides "a motion for summary judgment shall be supported by a separate, short, and concise statement of material facts, set forth in numbered paragraphs, as to which the moving party contends there is no genuine issue of material fact to be tried. Each fact asserted in the statement shall be supported by a record citation as required by subsection (e) of this rule. Rule 56(b).

[3] Local Rule 56(e) provides: "Facts contained in a supporting or opposing statement of material facts, if supported by the record citation as required by this rule, shall be deemed admitted unless properly controverted. An assertion of fact set forth in a statement of material facts shall be followed by a citation to the specific page or paragraph of identified record material supporting the assertion. The court may disregard any statement of fact not supported by a specific citation to record material properly considered on summary judgment. The court shall have no independent duty to search or consider any part of the record not specifically referenced in the parties' separate statement of facts."

Hewlett-Packard Co., et al. v. Empresas J.J. Rivera, Inc., et al.
Civil No. 07-1324 (JAG)
Report and Recommendation
Page No. 7

Drilling Co. v. McGee, 36 F.3d 143, 150-151 (1st Cir. 1994); United States v. Valencia, 792 F.2d 4 (1st Cir. 1986).  *See* Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 991 (1st Cir. 1988) ("Systemic efficiencies would be frustrated and the magistrate's role reduced to that a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round").

San Juan, Puerto Rico, this 30th day of October of 2007.

s/CAMILLE L. VELEZ-RIVE
CAMILLE L. VELEZ-RIVE
UNITED STATES MAGISTRATE JUDGE